# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cr-0015 |
| ) | |
| **PEDRO JUAN RAMOS-RAMIREZ, JOHNY ARIAS RODRIGUEZ and GERAL ALBERT CRUZ,** ) ) ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**BEFORE THE COURT** is Defendant Pedro Juan Ramos-Ramirez's ("Ramos-Ramirez") Joint Motion to Continue Pretrial Motions, Pretrial Conference and Jury Trial Date. (ECF No. 91.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including August 28, 2023.

On January 31, 2023, Ramos-Ramirez filed the instant motion to continue. (ECF No. 91.)[1] In his motion, Ramos-Ramirez states that "[d]efense counsels for all three defendants have engaged in communications and would like to request a continuance of the trial date due to calendar conflicts," which include several upcoming trials and hearings in unrelated matters. *See id.* at 1. Ramos asserts that, as a result of these conflicts, "additional time is needed to adequately prepare for the final disposition of the case." *Id.* Ramos-Ramirez asserts that he has been advised to his rights to a speedy trial and has consented to the continuance. *Id.* An Application and Checklist for Speedy Trial Extension was filed on February 1, 2023, reaffirming his consent to the continuance. *See* ECF No. 92. The Government does not oppose the motion to continue. *See* ECF No. 91 at 1. After careful consideration of Ramos-Ramirez's request, the Court finds good cause and will grant the motion.

---

[1] Ramos-Ramirez also filed a motion to continue on January 30, 2023, asserting identical arguments. *See* ECF No. 90. Because the Court finds that the latter motion, at ECF No. 91, serves as an amended motion to continue, Ramos-Ramirez's January 30, 2023 motion is moot.

*United States v. Ramos-Ramirez, et al.*
Case No.: 3:22-cr-0015
Order
Page 2 of 3

Ordinarily under the Speedy Trial Act, a defendant must be tried within 70 days from the date of the information or indictment, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(2). However, this time may be tolled for several reasons. To wit, if a court determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, any resulting delay shall be excluded in computing time under the Act. *See* 18 U.S.C. § 3161(h)(7)(A). When performing this analysis, courts must consider, among other factors, "[w]hether the failure to grant such a continuance in a case . . . would unreasonably deny the defendant or the Government continuity of counsel or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation . . . ." 18 U.S.C. § 3161 (h)(7)(B)(iv).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts).

Here, the Court specifically finds that the ends of justice served by extending this period to enable Ramos-Ramirez and his co-defendants to maintain continuity of counsel and adequately prepare for trial outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

The premises considered, it is hereby

**ORDERED** that Defendant Pedro Ramos-Ramirez's Joint Motion to Continue, ECF No. 91, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension for trial through August 28, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

*United States v. Ramos-Ramirez, et al.*
Case No.: 3:22-cr-0015
Order
Page 3 of 3

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than August 18, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than August 23, 2023;[2] it is further

**ORDERED** that the deadline to file any substantive motions has expired; it is further; it is further

**ORDERED** that any motions in limine **SHALL** be filed no later than August 4, 2023, and any response to such motion SHALL be filed by August 11, 2023. No further briefing on motions in limine **SHALL** be permitted unless authorized by the Court; it is further

**ORDERED** that no later than **August 14, 2023,** all parties **SHALL** file a Notice with the Court indicating their readiness for trial; and it is finally

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at **9:00 a.m. on August 28, 2023,** in St. Thomas Courtroom 1.

**Dated:** February 6, 2023                             */s/ Robert A. Molloy*
                                                                       **ROBERT A. MOLLOY**
                                                                       **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government Exhibit 1. Defense's exhibits shall be labelled sequentially beginning with Defense Exhibit A.